**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**COLLEGE STATION DIVISION**

| | | |
|---|---|---|
| **DAVID SMITH and** | § | |
| **MISTY SMITH,** | § | **CIVIL ACTION NO. 4:25-cv-03671** |
| Plaintiffs, | § | |
| | § | JURY DEMANDED |
| v. | § | |
| | § | |
| **TRAVELERS PERSONAL** | § | |
| **INSURANCE COMPANY,** | § | |
| **THE TRAVELERS INDEMNITY** | § | |
| **COMPANY, and** | § | |
| **BENJAMIN RAMSEIER,** | § | |
| Defendant. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR WAIVER OF PACER FEES**

**TO THE HONORABLE DREW B. TIPTON,**
**UNITED STATES DISTRICT JUDGE:**

Plaintiffs David Smith and Misty Smith, proceeding *pro se*, respectfully move the Court for a limited exemption from the fees imposed under the Judicial Conference's Electronic Public Access Fee Schedule for access to the Public Access to Court Electronic Records (PACER) system. The exemption is sought for a period of the latter of six months or the completion of discovery solely to permit research of cases relevant to the claims asserted in Plaintiffs' First Amended Complaint. A Certificate of Conference is included below. In support, Plaintiffs state as follows:

## I. SUMMARY OF THE ARGUMENT

A limited exemption for the latter of six months or the completion of discovery from PACER fees is necessary to avoid an unreasonable financial burden and to promote public access to information. Plaintiffs have identified 1,888 cases that may serve as additional predicate acts relevant to the claims in the First Amended Complaint. Full research of these cases, and any additional cases identified through that research, is required to further support the claims. The volume of materials exceeds what can reasonably be accessed under the automatic quarterly fee exemption or free public terminals.

## II. STATEMENT OF THE FACTS

Plaintiffs have currently identified 1,888 cases, a portion of which may serve as additional predicates relevant to the First Amended Complaint. These cases are potentially relevant to the RICO claims and other causes of action. Full research of these cases is necessary. Additional relevant cases may be identified through the research. Plaintiffs expect to complete the research within the latter of six months or the completion of discovery. Accessing and reviewing this volume of docket information and documents at standard PACER rates would impose an unreasonable financial burden on Plaintiffs.

## III. ARGUMENT

The Judicial Conference's Electronic Public Access Fee Schedule authorizes courts to grant discretionary exemptions from PACER fees. Courts may exempt indigents and pro se litigants upon a finding that the exemption is necessary to avoid unreasonable burdens and to promote public access to information.

Here, the research of approximately 1,888 potentially relevant cases (and any additional cases identified during the research) exceeds the scope of the automatic quarterly exemption. A limited exemption for the latter of six months or the completion of discovery, restricted to research in support of the claims in this action, will allow Plaintiffs to access the materials needed for the just resolution of the case without imposing an unreasonable burden. Plaintiffs agree that any data

obtained under the exemption will be used solely in connection with this litigation and will not be sold or transferred for commercial purposes. The exemption may be limited in scope and duration and may be revoked at the Court's discretion.

## IV. PRAYER

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a limited exemption from PACER fees for a period of the latter of six months or the completion of discovery, solely for the purpose of researching cases related to the claims in this action, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Judge Tipton's Court Procedures §15.a and Local Rule 7.1, on October 19, 2026 and October 21, 2026, Plaintiffs conferred (or attempted to confer) with counsel for Defendant Travelers Personal Insurance Company, James W. Holbrook, III of Zelle LLP, by email regarding the relief requested in this motion and found that he is unopposed to this motion. The parties were able to reach agreement regarding the requested relief. The remaining defendants, The Travelers Indemnity Company and Benjamin Ramseier, have not yet been served with process and have not appeared. No conference was possible or required as to those parties.

Dated: October 21, 2026

Respectfully submitted,

/s/David Smith
David Smith, *pro se*
3505 Parkway Terrace
Bryan, Texas 77802
Telephone: 512-417-4280
Email: dsmith@payexpress.com
Plaintiff, Pro Se

/s/Misty Smith
Misty Smith, *pro se*
3505 Parkway Terrace
Bryan, Texas 77802
Telephone: 512-417-4280
Email: misty@mistysmith.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

On October 21, 2026, the foregoing motion and the proposed order were filed via CM/ECF, which will send a Notice of Electronic Filing to the following counsel of record:

James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zellelaw.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994
*Attorney for Defendant Travelers Personal Insurance Company*

/s/ David Smith
David Smith, *pro se*

/s/ Misty Smith
Misty Smith, *pro se*