UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SMITH and MISTY SMITH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-03671 |
| | § | |
| TRAVELERS PERSONAL INSURANCE COMPANY, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Travelers Personal Insurance Company ("TPIC" ) files this Motion for Extension of Time to Answer or Otherwise Respond to Plaintiffs' First Amended Complaint ("Motion") and respectfully states:

## I.
## SUMMARY OF MOTION

1. TPIC seeks to extend its deadline to answer or otherwise respond to Plaintiffs' recently-filed First Amended Complaint from ***October 26, 2026*** to ***November 16, 2026*** – *i.e.*, a period of twenty-one days.

2. Good cause exists for this requested extension of time under Federal Rule of Civil Procedure 6(b)(1)(A). Plaintiffs' First Amended Complaint is not a routine amendment. The amended pleading—which includes 329 paragraphs and spans 104 pages—purports to transform a straightforward residential property insurance dispute into a civil conspiracy and racketeering lawsuit involving two newly-added defendants and newly-alleged causes of action. These new claims/allegation—which include RICO causes of action allegedly stemming from predicate acts

of extortion and wire fraud—fundamentally change the substance and the posture of this dispute. TPIC requires additional time to analyze these new allegations and determine whether to answer, move to dismiss, or both—including additional time to complete the meet-and-confer process this Court requires before any Rule 12(b)(6) motion may be filed.

3. This requested extension of time will not delay the progression of this case. As Plaintiffs acknowledged in a recent filing (ECF No. 26 at 3), neither of the two defendants added by Plaintiffs' First Amended Complaint—*i.e.*, The Travelers Indemnity Company ("TIC") and Benjamin Ramseier ("Ramseier")—have been served with process or otherwise appeared in this case. And, once served, these newly added defendants will have at least twenty-one days to answer or otherwise respond to the amended pleading. Accordingly, the pleadings will not close as to all parties before the extended deadline sought by TPIC.

4. This is TPIC's first request for an extension of time to respond to Plaintiffs' First Amended Complaint, it is made before the deadline has expired, and it is not sought for purposes of delay. This Court should thus exercise its broad discretion under Federal Rule of Civil Procedure 6(b)(1)(A) and grant TPIC the modest extension of time sought by this Motion.

## II. FACTUAL BACKGROUND

5. This is a first-party homeowner's insurance dispute arising from a water-damage claim under a policy issued by TPIC for property located at 3505 Parkway Terrace, Bryan, Texas. Plaintiffs filed their Original Complaint against PIC—the only defendant at the time. (*See* ECF No. 1.) The Original Complaint—which totaled forty-two pages in length—asserted state-law contractual and extra-contractual claims against TPIC, including claims for breach of contract and alleged violations of the Texas Insurance Code. (*See generally* ECF No 1.) TPIC timely answered on September 23, 2025. (*See* ECF No. 7.)

6. On March 19, 2026, the Court granted Plaintiffs' counsel's motion to withdraw from this case. (*See* ECF Nos. 13-14.) Thereafter, Plaintiffs repeatedly noted their intention to retain new legal counsel; however, on or about June 29, 2026, they advised the Court they would be proceeding as unrepresented litigants on a *pro se* basis. (*See* Court's Minute Entry – 05.15.2026 ("Plaintiffs advised the court they will be retaining new counsel within the next two weeks. They are to provide new counsel with the contact information for counsel for defense."); ECF No. 16 at ¶1.)

7. On September 8, 2026, the Court entered an Amended Scheduling Order setting docket call for December 10, 2027 and trial for the two-week period beginning December 13, 2027. (*See* ECF No. 19 at 2.)

8. On September 30, 2026, Plaintiffs moved for leave to file their First Amended Complaint. (*See* ECF No. 21.) The Court granted leave by Order signed October 9, 2026 and entered October 10, 2026, directing the Clerk to file the First Amended Complaint as of the date of the Order. (*See* ECF No. 24.)

9. Plaintiffs' First Amended Complaint spans 104 pages and includes 329 numbered paragraphs—roughly three times the length of the Original Complaint. (*Compare* ECF No. 1 *with* ECF No. 21.) It adds two new defendants—TIC and Ramseier—neither of whom has been served with process to date. (*See* ECF No. 21 ¶¶1–3). It asserts eleven counts, including two new civil RICO claims under 18 U.S.C. § 1962(c) (Count 10) and § 1962(d) (Count 11), accompanied by a multi-page "RICO Case Statement" alleging an enterprise, a pattern of racketeering activity, and predicate acts of extortion under 18 U.S.C. § 1951 and wire fraud under 18 U.S.C. § 1343. (*See id.* ¶¶166–248.) The First Amended Complaint also sets forth an elaborate damages framework

comprised of twenty separate categories of alleged injury, for which Plaintiffs seek (among other relief) treble damages under 18 U.S.C. § 1964(c). (*See id.* ¶¶318-329.)

10. Summonses were issued for TIC and Ramseier (*see* ECF Nos. 22-23); however, no return of service has been filed for either defendant. And, in a filing dated October 21, 2026, Plaintiffs confirmed that "defendants, The Travelers Indemnity Company and Benjamin Ramseier, have not yet been served with process and have not appeared." (ECF No. 26 at 3.)

11. On October 15, 2026, this case was reassigned from the Honorable Alfred H. Bennett to the Honorable Drew B. Tipton, with all deadlines in the existing scheduling order to remain in effect. (*See* ECF No. 25.)

12. Under Rule 15(a)(3), TPIC's response to the First Amended Complaint is currently due October 26, 2026. *See* Fed. R. Civ. P. 15(a)(3). TPIC has not previously sought an extension of this deadline. TPIC conferred with Plaintiffs regarding this Motion, and Plaintiffs are opposed to the relief sought herein.

## III.
## ARGUMENT AND AUTHORITIES

### A. Rule 6(b) and applicable law afford this Court broad discretion to grant TPIC's timely request for an extension of time.

13. Federal Rule of Civil Procedure 6(b)(1)(A) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). Where, as here, a party seeks and extension before the deadline expires, the decision to grant the extension rests within the Court's discretion, and no showing of excusable neglect is required. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–96 (1990) (contrasting the discretionary extension available for requests made before a deadline expires with the excusable-neglect showing required afterward).

14. Because Rule 6(b) is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits, "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

**B. <u>Good cause exists because the First Amended Complaint is voluminous and purports to add a host of new allegations/claims—including civil RICO claims—that change the substance and posture of this case.</u>**

15. The First Amended Complaint purports to transform and expand this lawsuit in dramatic fashion. What began as a single-defendant residential property insurance dispute over policy benefits and related extra-contractual claims is now a three-defendant case alleging a racketeering enterprise, a pattern of racketeering activity, a RICO conspiracy, and predicate acts of federal extortion and wire fraud. (*See id.* ¶¶166–248, 308-16.) A civil RICO claim requires a Plaintiffs to plead and prove "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). Further, fraud-based predicate acts, such as the wire-fraud predicates alleged here, must satisfy Federal Rule of Civil Procedures 9(b)'s particularity requirement. *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138–39 (5th Cir. 1992); FED. R. CIV. P. 9(b). Evaluating whether Plaintiffs' 329-paragraph First Amended Complaint adequately pleads each of these elements—as well as the elements of the nine other causes of action included in the amended pleading—requires a careful, count-by-count analysis that cannot reasonably be completed within the fourteen days afforded by Federal Rule of Civil Procedure 15(a)(3).

16. Additional time is also necessary to permit TPIC to comply with this Court's established procedures regarding dispositive motions. More specifically, before filing any motion to dismiss under Rule 12(b)(6), this Court requires a party—like TPIC here—to "identify such issues to the opposing party and confer in good faith to resolve them." (Judge Drew B. Tipton, Civil and Criminal Court Procedures § 15.) And, as further stated in the Court's procedures, the Court "will strike motions that do not include [such a statement] in the certificate of conference." (*Id.*) TPIC intends to comply with this requirement; however, before it may conduct a meaningful conference with Plaintiffs regarding the sufficiency of their newly-filed 104-page First Amended Complaint, TPIC must first complete its analysis of that pleading. The requested twenty-one days will allow TPIC to complete that task and, in so doing, present a focused response that will better conserve the time and resources of the Court and the parties.

**C. <u>The requested extension will not delay the progression of this case or prejudice Plaintiffs.</u>**

17. A twenty-one-day extension will not delay this case. Neither of the newly added defendants has been served with process to date. (*See* ECF No. 26 at 3.) And, once served, each defendant will have twenty-one days to answer or otherwise respond. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Because the pleadings cannot (and will not) close as to all parties until TIC and Ramseier are served and respond, extending TPIC's response deadline by a period of twenty-one days will not postpone the joinder of issues among all parties.

18. Nor will the requested extension affect any deadline in the Court's Amended Scheduling Order—all of which were established before Plaintiffs filed their voluminous amended complaint, purporting to inject a host of new issues and causes of action into this lawsuit. Docket call is set for December 10, 2027, and trial is set for December 13, 2027—nearly fourteen months away. (*See* ECF No. 19 at 2; ECF No. 25.) Moreover, Plaintiffs have represented that they intend to spend six months or more researching 1,888 unrelated cases that they believe "may serve as

additional predicate acts" for their newly-asserted RICO claims. Dkt. 26 at 2. Without conceding that any of the 1,888 cases referenced by Plaintiffs have any bearing on this first-party property insurance dispute, a twenty-one day extension of TPIC's responsive-pleading deadline is modest by comparison and will cause Plaintiffs no cognizable prejudice.

**D. <u>The request is timely, made in good faith, and is Travelers Personal's first request.</u>**

19. This Motion is filed before the expiration of TPIC's initial deadline to answer or otherwise respond to Plaintiffs' First Amended Complaint, and it is TPIC's first request for an extension of that deadline. Further, as set forth above, this extension is not sought for purposes of delay, but so that TPIC can respond fully and appropriately to Plaintiffs' substantially expanded allegations. Each of these considerations supports granting the modest extension of time sought by this Motion. *See Ahanchian*, 624 F.3d at 1259.

## IV.
## CONCLUSION AND PRAYER

For the foregoing reasons, TPIC respectfully moves the Court to: (a) grant this Motion in its entirety; (b) extend TPIC's deadline to answer or otherwise respond to Plaintiffs' First Amended Complaint to ***<u>November 16, 2026</u>***; and (c) grant TPIC such other and further relief to which it may be justly entitled.

***[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]***

Respectfully submitted,

By: */s/ James W. Holbrook, III*

James W. Holbrook, III
Texas Bar No. 24032426
SDTX Bar No. 659759
jholbrook@zellelaw.com
Jennifer L. Gibbs
Texas Bar No. 24050656
SDTX Bar No. 618099
jGibbs@zellelaw.com

ZELLE LLP
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**COUNSEL FOR DEFENDANT TPIC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 and Section 15 of this Court's Procedures, I certify that I conferred with Plaintiffs David Smith and Misty Smith, who are proceeding as unrepresented *pro se* litigants, on October 21-23, 2026 regarding the relief requested in this Motion. Plaintiffs advised that they are opposed to the requested extension without a corresponding agreement by TPIC to extend certain insurance coverage/policy benefits to Plaintiffs, despite such insurance coverage/policy benefits not being supported by the applicable policy and/or the present facts. TPIC thus submits this Motion to the Court for determination. The two newly added defendants—*i.e.*, Travelers Indemnity Company and Benjamin Ramseier—have neither been served nor appeared; therefore, no conference was conducted with those parties.

*/s/ James W. Holbrook, III*
James W. Holbrook, III

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2026, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will send notice of electronic filing to all parties registered to receive electronic notice, including Plaintiffs David Smith and Misty Smith.

*/s/ James W. Holbrook, III*
James W. Holbrook, III